UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR JENNINGS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ROBERT L. AYERS, JR., Warden )<br>of San Quentin State Prison, )<br>)<br>Respondent. )<br>) | Case No. CIV. F-91-0684-OWW-P<br><br>DEATH PENALTY CASE<br><br>Order Referring Case to Selection<br>Board for Recommendation of<br>New Lead Counsel |

On March 13, 2007, counsel for Petitioner Wilbur Jennings ("Jennings"), a state prisoner facing capital punishment, filed an application for leave to withdraw as counsel representing Jennings in his continuing federal habeas proceedings. Counsel seek the appointment of new counsel to represent Jennings and request referral to the Selection Board for the Eastern District of California to recommend qualified replacement counsel.

Lead counsel Lisa Martin states that her work situation is changing as of April 1, 2007, and she will be joining a small law firm specializing in insurance defense litigation. Ms. Martin asserts she is not able to bring Jennings' case to the new firm as she will no longer have the support staff and resources to adequately represent Jennings. Second counsel indicates

1 he is unable to assume lead counsel responsibilities as he lacks the
2 necessary experience to litigate such as case through evidentiary hearing as
3 lead counsel and has a full caseload of capital appointments in the
4 California Supreme Court.

5      Counsel for Respondent Robert L. Ayers, Jr. ("the State") opposes the
6 motion to withdraw, asserting that lead counsel's change in employment
7 makes Ms. Martin unwilling, not unable, to continue representing
8 Jennings, and that Mr. Wells' capital appointments by the California
9 Supreme Court support his continuing, even as lead counsel, to represent
10 Jennings.  The State contends that because Ms. Martin and Mr. Wells are
11 experienced and intimately familiar with the present case and have ably
12 represented Jennings, every effort to retain them as counsel in this case
13 should be pursued.

14      Ms. Martin replies that the State misconstrues her declaration and
15 ignores the realities of her ability to litigate this case.  Ms. Martin asserts
16 that she agreed to accept appointment in this case with the understanding
17 that she would have the financial support and resources of her firm, as
18 well as the resources and experience of the California Appellate Project
19 ("CAP").  Federal funding for CAP was discontinued, and she lost those
20 resources.  She states that as part of restructuring her firm is undergoing,
21 the insurance defense practice, of which she is a part, will be leaving and
22 establishing a new firm of four attorneys, two full-time paralegals, one
23 part-time paralegal, two secretaries and a receptionist.  Ms. Martin avers
24 that the new support staff has little or extremely limited federal experience,
25 and the resources of the new firm are "incredibly limited" and cannot
26 support a federal habeas case such as Jennings.  Ms. Martin contends that

1 for her to continue as counsel for Jennings is not a question of
2 "inconvenience," but would be unfair to Jennings and her new partners.
3 Ms. Martin argues that without the support of her firm or CAP, it is
4 impossible for her to continue to represent Jennings.

5   Mr. Wells replies that he has not and does not request appointment
6 as lead counsel for Jennings.  Further, Mr. Wells argues it would be
7 contradictory to find he has sufficient experience to serve as lead counsel
8 when this Court has made findings precluding him from receiving
9 anything but the minimal payment for associate counsel.  Mr. Wells asserts
10 that the pleading, procedural and evidentiary requirements in federal court
11 are different than state court, where he is experienced.  Mr. Wells lastly
12 urges that it would be inappropriate to require him to associate with an as
13 yet unknown lead counsel, or to require them to assume the role of lead
14 counsel with him serving as second counsel.  Mr. Wells states he is willing
15 to discuss with any new lead counsel the possibility of his working as
16 second counsel on this case, but asserts that, to ensure Jennings receives
17 constitutionally adequate representation, he cannot be the only attorney
18 representing Jennings until replacement lead counsel is appointed.

19   Ms. Martin has represented Jennings for over 15 years, during that
20 time investigating and filing his federal habeas petition, filing his state
21 exhaustion petition, submitting the briefing in support of the federal
22 petition, and litigating motions to expand the record.  The motion for
23 evidentiary hearing has been filed, as has the reply to the State's opposition
24 to an evidentiary hearing.  Ms. Martin states "without the support of her
25 firm or CAP, it is impossible for her to continue."  This case is referred to
26 the Selection Board of the Eastern District of California for suggestion of

OReCnslJen                    3

new lead counsel for Jennings. The motion for withdrawal of counsel is deferred pending recommendation from the Selection Board.

IT IS SO ORDERED.

**Dated:**   **April 6, 2007**        **/s/ Oliver W. Wanger**
b64h1h                                           UNITED STATES DISTRICT JUDGE