UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR JENNINGS,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, JR., Warden<br>of San Quentin State Prison,<br><br>　　　　　Respondent. | Case No. CIV. F-91-684-OWW-P<br><br>Death Penalty Case<br><br>Order Granting Respondent's Third Motion to Expand the Record (Doc. 264) and Fourth Motion to Expand the Record (Doc. 279) |

This matter comes before the court pursuant to Respondent Robert L. Ayers, Jr.'s ("the Warden") third and fourth motions to expand the record. The third motion to expand the record was filed November 29, 2005, seeking to admit evidence of a complaint filed against Petitioner Wilbur Jennings ("Jennings") in Sacramento County on January 7, 2005, for the rape and homicide of Debra Chandler in July of 1981, along with a copy of the crime report.[1] The Warden argues this evidence is relevant to refute Jennings' assertion that his trial counsel should have investigated and presented evidence that the prosecution's premise of a pattern of murdered black prostitutes was erroneous. Jennings contends there were several other homicides which fit the same pattern before

---

[1] According to the Sacramento County Superior Court website, the charges against Jennings are still pending and a trial date has not been set.

and after the ones he was convicted of, and counsel should have argued that since Jennings did not rape and kill all the victims, he didn't rape and kill any of them.

The Warden counters Jennings did commit other crimes, as the new charges reveal. The new charges were the result of Jennings' DNA profile being entered into the DNA database, which produced a match in two cases, one of which is the Chandler homicide. The Warden argues the new charges show Jennings committed another rape/homicide, refuting his argument that counsel should have argued he didn't commit the crimes at issue because he did not commit other unsolved homicides. Secondly, the Warden observes the new charges have very similar circumstances to those in this case, undercutting Jennings' claim that counsel should have presented an "all or nothing" argument.

Jennings counters the third motion to expand the record contains documents which are irrelevant, inadmissable, and unduly prejudicial. Jennings asserts trial counsel's decision not to investigate and present evidence of other murders cannot have been influenced by a complaint which did not exist or by a report from another county that was not connected to him until 24 years after it was generated and 19 years after his trial. Jennings asserts the new charges are hearsay and not admissible because they are only charges, not a conviction. Jennings contends the police report is similarly hearsay as it is an out-of-court statement by a police officer, and it is unclear whether the reporting officer was the one who observed Ms. Chandler's body. Lastly, Jennings argues this evidence is unduly prejudicial and submitted only to bias the Court, and requests to strike it from the record.

The Warden argues that if evidence of similar unsolved crimes is considered as part of Jennings' defense, then evidence that Jennings committed similar crimes should also be considered. The Warden observes that the complaint and the police report are both public records, and would be admissible. Lastly, the Warden asserts the bias

objection deserves no response.

Jennings' asserts in support of his ineffective assistance of counsel claim that evidence of similar crimes, which he did not commit, should have been presented to counter the prosecution's argument that the charged crimes were part of a pattern of crimes with similar characteristics. The evidence the Warden seeks to admit into the record is relevant to refute Jennings' allegations.

The Warden's second motion to expand the record was granted May 5, 2005, admitting a declaration from Delia Frausto-Heredia, a senior criminologist with the California Department of Justice's Fresno Regional Laboratory, who performed DNA analysis on samples from Jennings and victim Linda Johnson (one of the four murders of which Jennings is convicted). Ms. Frausto-Heredia declares that DNA analysis reveals Jennings shares the same DNA profile as found on Ms. Johnson's vaginal swab. Resolution of the reliability of the DNA evidence was deferred until after Jennings' motion for an evidentiary hearing was decided.

The Warden's fourth motion to expand the record was filed August 20, 2007, seeks to admit declarations regarding the discovery of additional biological specimens from the autopsy of Linda Johnson. The declarations are from (1) Jerry Nelson, M.D., a pathologist who was contracted with the Fresno County Coroner's office to perform autopsies at the time of Ms. Johnson's autopsy in 1984, (2) Detective Marty Rivera, Fresno County Sheriff's office, who took custody of the specimens from the coroner's office, and (3) Delia Frausto-Heredia, who inspected the specimens and cataloged them. No testing was done of this evidence.

Habeas Rule 7 grants a district court the discretion to expand the record with additional materials which are relevant to the petition. Rule 7(a) of Rules Governing Section 2254 Cases. The rule is intended to help district courts "clarify the relevant facts." *Vasquez v. Hillery,* 474 U.S. 254, 258 (1986). The court may order the record

expanded either in place of, or in addition to, holding an evidentiary hearing. *See* Advisory Committee Note to Habeas Rule 7; *Harris v. Nelson,* 394 U.S. 286, 300 (1969).

The Warden's third motion to expand the record with the compliant and police report regarding the pending charges for the murder of Debra Chandler is GRANTED. The Warden's fourth motion to expand the record with the declarations regarding the newly discovered evidence from Linda Johnson's autopsy is GRANTED.

IT IS SO ORDERED.

**Dated:   August 24, 2007**                          /s/ Oliver W. Wanger
                                                              UNITED STATES DISTRICT JUDGE