# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR JENNINGS, | Case No.: 1:91-cv-00684-AWI |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER DISMISSING ACTION DUE TO DEATH OF PETITIONER |
| KEVIN CHAPPELL, as Warden of San Quentin State Prison, | |
| Respondent. | |

On February 13, 2014, Petitioner's counsel filed a request to dismiss this habeas petition due to Petitioner's death. (ECF No. 303.) On February 13, 2014, an order issued deferring the dismissal of the petition until a death certificate was provided. (ECF No. 304.) On May 6, 2014, the magistrate judge issued an order requiring counsel for Petitioner to provide the status of Petitioner's death certificate. (ECF No. 306.) On May 8, 2014, a status report was provided by Petitioner's counsel, Emily J. Groendyke. (ECF No. 307.)

Federal courts have jurisdiction where there is an actual case or controversy. U.S. Const., Art. III, § 2. An actual case or controversy must exist at all stages of the litigation. Alvarez v. Smith, 558 U.S. 87, 92 (2009). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 497 (1969).

1    In the status report, Ms. Groendyke states that she has been in touch with the Sacramento
2  County Coroner's Office who has confirmed that no death certificate will be completed until the
3  body is claimed by the decedent's family. (Decl of Emily J. Groendyke ¶ 3, ECF No. 307.) If
4  the body is unclaimed the body will eventually be entered into the "abandoned body program"
5  which will result in cremation and a death certificate will issue at that time. However this could
6  take months. (Id. at ¶ 4.) Petitioner's brother has completed an application for indigent
7  cremation service, but at this time has received no response. (Id. at ¶ 5.) As of May 6, 2014, no
8  death certificate has been issued. (Id. at ¶ 9.)

9    Although the parties are not able to provide a death certificate at this time, the Court shall
10 take judicial notice of the widely publicized death of Petitioner. Condemned Inmate Wilbur
11 Jennings Dies of Natural Causes, CDCR Today (Feb. 12, 2014),
12 http://cdcrtoday.blogspot.com/2014/02/condemned-inmate-wilbur-jennings-dies.html; Convicted
13 Murderer Who Died in Sacramento County Faced Murder Charges in 1981 Death of Teen, The
14 Sacramento Bee (Feb. 11, 2014), http://www.sacbee.com/2014/02/11/6148252/inmate-accused-
15 of-murder-dies.html; Fresno Serial Killer Dies as Sacramento Inmate, KCRA News (Feb. 12,
16 2014), http://www.kcra.com/news/fresno-serial-killer-dies-as-sacramento-inmate/24421464; See
17 Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada, 798 F.2d 1289, 1290 fn.1 (9th
18 Cir. 1986) (taking judicial notice of widely publicized death in action); LeMaire v. Maass, 745
19 F.Supp. 623, 636 n. 8 (D. Or. 1990) reversed on other grounds by 12 F.3d 1444 (9th Cir. 1993)
20 (taking judicial notice of media accounts of inmate's death). Based upon the declaration of
21 Petitioner's counsel and the widely publicized accounts of Petitioner's death, the Court finds that
22 there is sufficient evidence to make a finding that Petitioner is deceased.

23    In this habeas proceeding, Petitioner's claims are unique to himself and cannot be
24 transferred, therefore the claims are extinguished upon Petitioner's death. Germino v. Marshall,
25 No. 2:08-cv-03010-JAM-DAD, 2010 WL 5393907, at *1 (E.D. Cal. Dec. 21, 2010). Since there
26 is no relief that can be granted to Petitioner in this action due to his death, this action is moot and
27 shall be dismissed. Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003).

28    Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's writ of habeas

corpus is DISMISSED as moot and the Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

Dated:  May 19, 2014

SENIOR DISTRICT JUDGE